### GARDESCU v. TAYLOR et al.*
### No. 17145.

Court of Appeal of Louisiana. Orleans.
March 13, 1939.

M. C. Scharff and W. J. & H. W. Waguespack, all of New Orleans, for appellants.

H. W. & H. M. Robinson, of New Orleans, for appellee.

McCALEB, Judge.

On June 11, 1937, the plaintiff, Mrs. Pauline Gardescu, suffered painful and severe injuries to her left arm (subsequently necessitating its amputation) as a result of the overturning of the automobile which she was driving following an intersectional collision with the automobile of Glenn E. Taylor, which was being driven by his wife at the time of the accident. She has brought this suit for the recovery of damages in the sum of $24,411.41 against Glenn E. Taylor, the owner of the other car, Mrs. Taylor, the driver, and the American Automobile Insurance Company and American Automobile Fire Insurance Company, as insurers of the vehicle, claiming that the accident is attributable to the fault of Mrs. Taylor who is charged with various and sundry acts of negligence.

The defendant Glenn Taylor, the owner of the car, was eliminated from the suit on an exception of no right or cause of action and no appeal has been taken from that judgment. The American Automobile Fire Insurance Company has likewise been excused from the case and it is conceded that only the American Automobile Insurance Company was the insurer of the Taylor car, having issued a policy of liability insurance thereon in the sum of $10,-000.

Mrs. Taylor and the American Automobile Insurance Company resist responsibility for the injuries suffered by Mrs. Gardescu on the ground that Mrs. Taylor was free from any negligence in the premises and they further plead, in the alternative, that, if it should be found that she was at fault in any respect, then Mrs. Gardescu was guilty of such contributory negligence as to bar recovery.

On these issues, the case was tried before a jury in the Civil District Court and resulted in a nine to three verdict in plaintiff's favor for the sum of $7,500. A judgment was entered in accordance with the verdict and the defendants have appealed from the adverse decision. Plaintiff has answered the appeal requesting an increase in the allowance granted her in the court below.

*Rehearing denied April 10, 1939; writ of certiorari denied by Supreme Court May 1, 1939.

The questions presented to us for our decision are ones of fact, i. e., Was Mrs. Taylor guilty of negligence and if so was the plaintiff chargeable with contributory negligence which had causal connection with the unfortunate occurrence?

The accident happened at about 12 noon on a clear summer day at the crossing of Hector Avenue and Duplessis Street in the unincorporated settlement of Metairie Ridge in the Parish of Jefferson, which is a suburb of the City of New Orleans. The plaintiff, an employee of the Works Progress Administration, had, shortly before the mishap, driven a car of the W. P. A. to the Metairie Park Country Day School for the purpose of fetching her two young sons, who were pupils of the school, to her home in the City of New Orleans. She had picked up her children and was driving upon Duplessis Street in the direction of the Metairie Road when her car met and collided with the Taylor automobile at the Hector Avenue crossing. Duplessis Street is an oiled graveled two-way street 17 feet in width and extends from the Metairie Road to the Metairie Park Country Day School. This street, at a point approximately two blocks from the school, intersects at right angles with Hector Avenue, which is also an oiled graveled two-way street 15 feet wide extending in a northerly direction from Northline Avenue and connects with the Metairie Road.

On the day of the accident, Mrs. Taylor, who lives on Hector Avenue, was returning to her home from a visit with her mother, who lives approximately three blocks from her on the same street, and was driving in a northerly direction towards Metairie Road. Conversely, the plaintiff's car was traveling east on Duplessis Street and its approach, in relation to Mrs. Taylor's car, was from the left.

There seems to be some dispute between the parties concerning the physical conditions obtaining at the time of the accident, with respect to the view which was afforded to motorists as they approached the intersection. Plaintiff contends that, while there were many high weeds growing in a ditch running along the right hand side of Duplessis Street and a large uncut hedge (which had been permitted to grow wild) near the Duplessis Street property line of the real estate abutting the corner of the intersection, a person driving an automobile on Duplessis Street could see a vehicle on Hector Avenue approaching the inter-section. We are satisfied, however, from the evidence of Milton J. Danner, a disinterested witness who testified for the plaintiff, that, because of the thick growth of the weeds and shrubbery at the location of the accident, it was exceedingly difficult for anyone driving an automobile on Duplessis Street to see a car proceeding on Hector Avenue approaching the intersection from the right and the same difficulty was encountered by a motorist traveling on Hector Avenue, with respect to his vision of traffic on Duplessis Street approaching from the left. In short, the conditions obtaining at the time of the accident warrant the conclusion that the intersection was practically blind.

We find the physical facts of the accident to be as follows:

When the cars collided in the intersection, the Gardescu car, which was traveling approximately 15 miles per hour, had passed the middle of the crossing where its right side and rear right fender came in contact with the front of the Taylor car (particularly the left front fender, bumper and radiator thereof) which was traveling at about 5 miles per hour and had traversed approximately 3 feet of the crossing. When the impact occurred, the Taylor car came to an abrupt stop. On the other hand, the Gardescu car continued on, its rear portion swerving to the left into Duplessis Street where it turned completely around and over on its left side and came to rest at a point some 17 feet past the intersection with its front end facing in the direction opposite to that in which it had been traveling prior to the accident.

In her petition, Mrs. Gardescu charged that Mrs. Taylor drove her car into the intersection at a high speed in excess of 35 miles per hour at a time when plaintiff's car had preempted the crossing. Her testimony, however, is not in accord with the allegations of her petition and we find the substance of her version of the accident to be as follows:

She had picked up her children at the Country Day School and was proceeding out Duplessis Street, in the direction of the Metairie Road with one of her boys on the front seat and the other in the rear. She was not well acquainted with the streets in that locality and was "jogging along" at a speed which she estimates to be approximately 15 miles per hour. When she neared the intersection of Hector Avenue, she heard and saw an automobile being operated

on that street approaching from her right at a fast rate of speed. She is unable to say how far her car was from the intersection at the time she first noticed and heard the approaching automobile but she believed, at that time, that the other car was going at such a fast rate of speed that it would reach and preempt the intersection before she arrived there. Notwithstanding this, she proceeded on without slackening her gait of 15 miles per hour and she proclaims that when she arrived at the intersection she was surprised to find that the approaching automobile had either stopped for the intersection or that it was just rolling along at a very slow rate. She states that she did not attempt to stop; that she was not alarmed by the presence of the automobile and that, without slowing down, she went over the intersection and was amazed to notice that her car was bumped by the other car after she had almost traversed the crossing.

On the other hand, Mrs. Taylor states that she left her mother's house, located on Hector Avenue, and proceeded towards her home at a speed of about 15 or 16 miles per hour; that when she approached the Duplessis Street intersection she slowed down to approximately 5 miles per hour and looked both to her left and right for oncoming traffic; that, after ascertaining that the crossing was clear, she shifted from third to second speed and proceeded into the intersection at about 7 or 8 miles per hour; that, as she did, the Gardescu car suddenly shot across the intersection in front of her without previous warning, and that, in an effort to avoid the impact, she jammed on her brakes and brought her car to an immediate stop after it had traversed approximately 3 feet of the crossing. She further asserts that, when she arrived at the intersection, she could not see into Duplessis Street for a great distance to her left because of the weeds and other shrubbery situated on the corner and that, for this reason, she proceeded forward at a very slow speed.

Counsel for plaintiff, in brief and in argument, criticize the evidence of Mrs. Taylor and maintain that her testimony is at variance with the statement she made to the Sheriff of the Parish of Jefferson immediately after the accident and also with the allegations of her answer. We feel, however, that counsel are in error in the conclusions they have deduced. We have scrutinized the declaration of Mrs. Taylor with care and have compared it with averments of her answer and her statement to the Sheriff. We not only fail to discern any material variance in her story but are considerably impressed with her frankness and sincerity.

Plaintiff produced as a witness in her behalf Mrs. Nathalie Feibleman who was driving her automobile on Duplessis Street approximately a half block to the rear of the Gardescu car at the time the accident occurred. She states that she was driving 18 or 20 miles per hour and that the Gardescu car was traveling at about the same speed. She did not see the Taylor car prior to the accident but she observed the two automobiles come together when the Gardescu car was traversing the intersection. Her testimony, with respect to the manner in which the accident occurred, is of little value. The same may be said of the evidence of Mrs. Moise H. Goldstein who was driving her car immediately to the rear of the Feibleman car.

The correct result in this matter can only be reached by weighing the plaintiff's statement against that of Mrs. Taylor. The integrity of the ladies involved is not open to question and we are certain that both of them have given an honest account of the occurrence to the best of their knowledge and belief. A careful analysis of their statements, viewed in the light of the physical facts of the case, has convinced us that the accident was caused by the negligence of Mrs. Gardescu. According to her declaration, she saw the Taylor car approaching the intersection at what she believed to be a very high speed. Although she contends that she was on her guard, she nevertheless continued forward at an admitted speed of 15 miles per hour and did not thereafter slacken her pace. She claims that her action in this respect was prompted by the belief that the Taylor car would preempt the intersection before she reached it. But she was in error in making this deduction forasmuch as she is uncertain as to the distance she was from the intersection at the time she observed the approaching automobile. Moreover, she was undoubtedly mistaken in believing that the Taylor car would complete the crossing before she got there for she admits that, when her automobile arrived at the intersection, the approaching car had either stopped or had slowed down to such a speed as to cause her to feel justified in continuing forward. But her conclusion in that respect was not

well founded for the Taylor car, which had been approaching from plaintiff's right, was entitled to proceed in view of Rule 11, Paragraph (a), § 3, of Act No. 21 of 1932.

We are unable to perceive that Mrs. Taylor was guilty of negligence. Realizing the danger of the crossing (particularly since her view was obstructed to a great extent by the weeds and shrubbery on Duplessis Street), she slowed the speed of her car to 5 miles per hour before she reached the intersection. She declares that she did not see any automobiles coming from her left on Duplessis Street and felt that it was safe for her to proceed. This decision, we believe, was justified (even though she admits that she could not see into Duplessis Street for any great distance) since she was entitled to assume that motorists proceeding on Duplessis Street would have their cars under control and exercise precaution before attempting to enter the intersection. Accordingly, she shifted the gear of her automobile from third into second and started across. Just as she did so, the Gardescu car, which had not slackened its speed in any degree and which was traveling approximately three times faster than the Taylor car, came into the intersection. Confronted with this emergency, Mrs. Taylor promptly applied her brakes and brought her car to an immediate stop but it was too late because the Gardescu car had proceeded forward so far that an impact could not be avoided. The fact that the side of the Gardescu car had progressed to the center of the intersection while the front of the Taylor car had not reached it, is easily accounted for by the speed of the Gardescu car which was approximately three times faster than that of the Taylor car. The pictures of the two vehicles which were taken shortly after the accident plainly exhibit that the right side of the Gardescu car sideswiped the front of the Taylor car.

It is our belief that the colliding automobiles arrived at the intersection at approximately the same time and that Mrs. Gardescu, failing to take into account that a collision was impending, negligently continued on without abating her pace under the mistaken impression that the Taylor car had come to a stop. If she had exercised reasonable prudence, she would have slackened her speed before she came to the crossing and would have made sure, before attempting to proceed, that the Taylor car had either stopped or that its driver had abandoned the right of way to which she was legally entitled.

Counsel for plaintiff have argued that the rule of law respecting the right of way of a vehicle approaching an intersection is without application to a case like this and they contend that the crossing had been preempted by Mrs. Gardescu. Many cases have been cited in support of this proposition. But the authorities relied upon are not apposite because we are of the opinion that the automobiles arrived at the intersection at about the same time. Counsel further say that Mrs. Gardescu was justified in believing that Mrs. Taylor had invited her to proceed. We do not think that the evidence authorizes such a holding.

The injuries received by Mrs. Gardescu were most severe and she has suffered intense physical and mental pain accompanied by considerable financial expense as a consequence of the disaster. We naturally sympathize with her but, since we are convinced that Mrs. Taylor was blameless, we cannot maintain the verdict rendered by the jury.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff's suit be and it is dismissed at her costs.

Reversed.